[No. E017959. Fourth Dist., Div. Two. Aug. 26, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
HENRY JIMENEZ LEPE, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*It is ordered that said opinion be certified for partial publication pursuant to rule 976 of the California Rules of Court with the exception of the sections entitled: THE PRETRIAL LINEUP, CALJIC NO. 2.02, CALJIC NO. 1.20, CALJIC NO. 2.27 and CALJIC NO 2.12.

## COUNSEL

Terrence Verson Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Esteban Hernandez and Lora Fox Martin, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HOLLENHORST, Acting P. J.**—Defendant Henry Jimenez Lepe was convicted of one count of first degree murder, in violation of Penal Code section 187, subdivision (a). The jury found a personal use of a firearm allegation to be true. The trial court sentenced defendant to a term of 29 years to life in state prison. He appeals.

### FACTS

On June 13, 1995, between 6:30 and 6:45 p.m., Gabriel Mercado and Danny Gonzales were walking along Archibald Avenue in Ontario. Gabriel Mercado testified at the preliminary hearing that defendant, an acquaintance of theirs, came up behind him, walked up to Danny Gonzales, and fired a

shot. Mr. Gonzales died of his wound. Since Mr. Mercado was unavailable at the time of trial, his preliminary hearing testimony was read to the jury.

David T. Moore and his two sons were driving on Archibald Avenue at the time of the shooting. One son, David C. Moore, testified that they were stopped at a traffic light when he saw the two men walking on the sidewalk. As he watched, a red truck stopped behind them. A man, identified by the witness as defendant, jumped out of the truck bed, and walked up to one of the men on the sidewalk. Although the witness did not hear a gunshot, he testified that defendant made a motion and the other man fell to the ground. Defendant then returned to the truck and it drove off.

The father, David T. Moore, generally confirmed his son's testimony. He saw the truck stop and he saw a man jump out of the back of the truck and approach the man on the sidewalk. However, he did not see or hear the shooting, and he was unable to identify defendant as the attacker.

The other son in the witnesses' car, Malo Brown, testified that he also saw the incident. He did not hear any shots fired, but he saw the victim fall to the ground. He failed to identify defendant at a lineup, but he did identify defendant as the attacker at trial.

The defense argued that (1) Gabriel Mercado should not be believed because he had a motive to incriminate defendant; (2) Mr. Moore and his sons had a limited opportunity to observe the attacker, and they misidentified defendant as the attacker; and (3) defendant had a compelling alibi.

The first ground was based on evidence that defendant was living with Mr. Mercado's former girlfriend, a fact which had angered Mr. Mercado. Mr. Mercado had had verbal arguments and a fistfight with defendant.

The second ground was supported by evidence that the Moore family had a limited opportunity to observe the crime, and their testimony failed to support some of the testimony given by Mr. Mercado. For example, Mr. Mercado testified that a passenger in the truck pointed a rifle at him during the incident, although David C. Moore testified that the passenger did not have a rifle.

The third ground was supported by the testimony of various witnesses that defendant was at a children's birthday party in a nearby apartment complex at the time of the shooting.

The defense also pointed out that parts of Mr. Mercado's testimony were unsupported by the other eyewitnesses, and it suggested that Mr. Mercado was involved in the crime. Defendant did not testify.

## USE OF MR. MERCADO'S PRELIMINARY HEARING TESTIMONY

Defendant contends that the trial court erred in allowing the prosecution to read Mr. Mercado's testimony at the preliminary hearing to the jury.

First, he argues that constitutional and statutory provisions are violated when prior testimony was given at a preliminary hearing held after the enactment of Proposition 115 because, in such a hearing, "a defendant has neither the right nor the opportunity to cross-examine the declarant with an interest and motive similar to that which he would have had at trial."

Second, he contends that the magistrate's limitations on cross-examination at the preliminary hearing deprived him of an adequate cross-examination.

Third, he contends that the trial court erred in finding that the prosecution had acted with due diligence to secure Mr. Mercado's presence at trial.

### 1. *Effect of the Adoption of Proposition 115.*

In June 1990, Proposition 115, an initiative measure entitled "Crime Victims Justice Reform Act" was enacted. The measure added California Constitution, article I, section 30, to allow use of hearsay evidence at preliminary hearings. It also amended Penal Code section 872 to allow the finding of probable cause to be made upon the testimony of a police officer using hearsay statements. The initiative also added Evidence Code section 1203.1 to provide a preliminary hearing exception to the general rule that all hearsay declarants must be made available for cross-examination. Significant here is the initiative's amendment to Penal Code section 866. Subdivision (a) of that section was amended to give the magistrate discretion to limit the defendant's right to call witnesses on the defendant's behalf. The magistrate may require an offer of proof showing that the testimony of the witness tends to establish an affirmative defense, negates an element of the crime charged, or impeaches the testimony of a prosecution witness. Subdivision (b) of that section prohibits the preliminary hearing from being used for discovery purposes.

In *Whitman* v. *Superior Court* (1991) 54 Cal.3d 1063 [2 Cal.Rptr.2d 160, 820 P.2d 262], our Supreme Court upheld the constitutionality of Proposition 115. It found no violation of the defendant's state or federal constitutional rights to confrontation of the witnesses against him. (54 Cal.3d at pp. 1075-1082.) It also upheld Penal Code section 872 against a federal due process challenge. (54 Cal.3d at p. 1082.)

In his constitutional challenge, defendant argues that Proposition 115 has so changed the preliminary hearing that testimony at that hearing no

longer meets the requirements of Evidence Code section 1291, subdivision (a)(2). That subdivision provides: "(a) Evidence of former testimony is not made inadmissible by the hearsay rule if the declarant is unavailable as a witness and: [¶] . . . [¶] (2) The party against whom the former testimony is offered was a party to the action or proceeding in which the testimony was given and had the right and opportunity to cross-examine the declarant with an interest and motive similar to that which he has at the hearing." Defendant cites *California* v. *Green* (1970) 399 U.S. 149, 165 [90 S.Ct. 1930, 1938-1039, 26 L.Ed.2d 489]: "We also think that Porter's preliminary hearing testimony was admissible as far as the Constitution is concerned wholly apart from the question of whether respondent had an effective opportunity for confrontation at the subsequent trial. For Porter's statement at the preliminary hearing had already been given under circumstances closely approximating those that surround the typical trial. Porter was under oath; respondent was represented by counsel—the same counsel in fact who later represented him at the trial; respondent had every opportunity to cross-examine Porter as to his statement; and the proceedings were conducted before a judicial tribunal, equipped to provide a judicial record of the hearings. Under these circumstances, Porter's statement would, we think, have been admissible at trial even in Porter's absence if Porter had been actually unavailable, despite good-faith efforts of the State to produce him." The court noted that its prior cases had sanctioned the use of preliminary hearing testimony when the witness was unavailable for trial because the preliminary hearing was not significantly different from an actual trial. (*Ibid.*) The court found that defendant's counsel had not "been significantly limited in any way in the scope or nature of his cross-examination of the witness Porter at the preliminary hearing." (*Id.,* at p. 166 [90 S.Ct. at p. 1939].)

Although defendant argues that the preliminary hearing is now significantly different from an actual trial, we disagree. While the post-Proposition 115 preliminary hearing may not be used as a discovery device, and while the changes in the form of the hearing were significant, our Supreme Court held in *Whitman* that it does not violate the confrontation clause: "We conclude that the new, limited form of preliminary hearing in this state sufficiently resembles the Fourth Amendment probable cause hearing . . . to meet federal confrontation clause standards despite reliance on hearsay evidence." (*Whitman* v. *Superior Court, supra,* 54 Cal.3d 1063, 1082.) More recently, our Supreme Court described *Green* as follows: "In [*Green*], however, the United States Supreme Court made clear that when a defendant has had an opportunity to cross-examine a witness at the time of his or her prior testimony, that testimony is deemed sufficiently reliable to satisfy the confrontation requirement [citation], regardless whether subsequent circumstances bring into question the accuracy or the completeness of the earlier

testimony." (*People* v. *Samayoa* (1997) 15 Cal.4th 795, 851 [64 Cal.Rptr.2d 400, 938 P.2d 2].)

Defendant then proceeds to discuss preliminary hearings in other states to support his contention that a probable cause hearing is so limited in scope that it is not similar to a trial proceeding. Whatever the merits of defendant's contention in a situation in which the magistrate relied on an investigating officer using hearsay statements from the victim or witnesses, it can have no validity here because Mr. Mercado testified at the preliminary hearing and was cross-examined by defendant's attorney. Counsel's motive for the cross-examination in this case was the same at the preliminary hearing and trial because, in both instances, defendant's counsel was seeking to show the bias of the witness and his motive to lie. ■ "For the preliminary hearing testimony of an unavailable witness to be admissible at trial under Evidence Code section 1291, these motives need not be identical, only 'similar.' [Citation.] Admission of the former testimony of an unavailable witness is permitted under Evidence Code section 1291 and does not offend the confrontation clauses of the federal or state Constitutions—not because the opportunity to cross-examine the witness at the preliminary hearing is considered an exact substitute for the right of cross-examination at trial [citation], but because the interests of justice are deemed served by a balancing of the defendant's right to effective cross-examination against the public's interest in effective prosecution. [Citations.]" (*People* v. *Zapien* (1993) 4 Cal.4th 929, 975 [17 Cal.Rptr.2d 122, 846 P.2d 704]; see also *People* v. *Samayoa, supra,* 15 Cal.4th 795, 850-851.) ■ We find no confrontation clause violation results from the adoption of Proposition 115.

2. *The Magistrate's Restrictions on Cross-examination Here Were Proper.*

■ At the preliminary hearing, Mr. Mercado testified on direct examination for 10½ pages of reporter's transcript. Cross-examination consumed 32 pages. During the cross-examination, defense counsel sought to explore a possible inconsistency in Mr. Mercado's testimony regarding messages he had received on his pager prior to the shooting. Mr. Mercado was unclear as to whether the message he received immediately prior to the shooting was from his old girlfriend or his new girlfriend. He also seemed confused as to which message had taken him and the victim to the nearby grocery store. He was significantly confused as to the timing of the two messages. After defense counsel explored these issues for four pages of the reporter's transcript, the magistrate suggested that she had exhausted the subject. The magistrate also sustained an objection regarding Mr. Mercado's familiarity with guns. Mr. Mercado also testified that the victim was armed and that, after the victim was shot, he used the weapon to fire at the departing truck.

He then testified that he threw the weapon in the bushes. However, a thorough search by police officers failed to locate the weapon. The magistrate sustained an objection when defense counsel asked whether the gun had ever been found, and a further objection when asked whether he showed the police where he had thrown the weapon.

Defendant urges that his counsel's cross-examination of Mr. Mercado at the preliminary hearing was improperly limited by the magistrate by the sustaining of these objections. We find no error. Mr. Mercado's testimony regarding the pager was confusing and the basis was laid for his impeachment. Although defendant argues that "virtually no questioning was allowed" on this subject, the examination consumed four pages of transcript. After the witness testified he was familiar with guns, an objection was sustained to the question "How familiar are you with guns?" The sustaining of this objection was not a meaningful restriction on cross-examination. The question regarding whether a gun had been found was clearly beyond the knowledge of the witness. The follow-up question asked whether the witness had shown the police where he threw the gun was repetitive as the witness had just answered the question affirmatively. The sustaining of an objection to this question was not a restriction on cross-examination.

We therefore conclude that defendant has failed to show that his cross-examination of the witness was unduly restricted by the magistrate's rulings.

3. *The Trial Court Properly Found That the Officers Acted With Due Diligence to Obtain Mr. Mercado's Presence at Trial.*

Defendant also argues that the prosecution failed to carry its burden of proving that the witness was unavailable for trial. He cites *People* v. *Louis* (1986) 42 Cal.3d 969, 991 [232 Cal.Rptr. 110, 728 P.2d 180]. In that case, the prosecution released a crucial witness from jail and he disappeared before trial. The court found that the prosecution had not used due diligence: " '[T]he requirement of due diligence "is a stringent one for the prosecution. . . ." ' [Citation.] It is more stringent still when, as here, the absent witness is vital to the prosecution's case and his credibility is suspect. [Citation.] The obligation to use reasonable means to procure the presence of the witness has two aspects. The more obvious is the duty to act with due diligence in attempting to make an absent witness present. Less obvious, perhaps, but no less important 'is the duty to use reasonable means to prevent a present witness from becoming absent.' [Citation.] If the prosecution fails in this latter duty, it does not satisfy the requirement of due diligence. [Citation.]" (*Ibid.*) The court held that the prosecution had not carried its burden of showing due diligence.

Prior to trial, the prosecution filed a motion under Evidence Code section 1291 to allow use of Mr. Mercado's preliminary hearing testimony. Under Evidence Code section 240, subdivision (a)(5), the prosecution had to show that it had used reasonable diligence to procure Mr. Mercado's attendance at trial by using subpoenas.

The trial court held a due diligence hearing. At the hearing, Detective Harris testified that he began searching for Mr. Mercado to serve him with a subpoena about two months prior to trial. He checked with the Department of Motor Vehicles for an address, checked for arrests or current incarceration, and talked with the parents and grandparents of the witness. He left messages with Mr. Mercado's mother. He drove by the parents' home at least three times and checked a market in the neighborhood. He also went by a home in Ontario that the witness had identified as his residence, and a home in Pomona that was associated with the witness. The officer also had a unit drive by the home of the witness on Thanksgiving Day, without success.

The officer had not talked to the witness since the preliminary hearing, although prior to that time the witness would always respond to a pager message. The witness had been cooperative in the past, and the officer had no reason to suppose that the witness would not accept a subpoena.

Detective Cummings testified that he had also made attempts to locate Mr. Mercado. He had talked to Mr. Mercado's parents, and he had regularly driven through the area. He also testified that the witness had always been cooperative and responsive, and had given no indication he would not appear for trial.

A district attorney investigator testified that he had tried to locate Mr. Mercado for trial. He ran computer checks to ascertain if the witness was in jail, had warrants outstanding, or had traffic citations. He talked to Mr. Mercado's mother, who was uncooperative.

The trial court found that Mr. Mercado was unavailable as a witness. We find that the trial court did not err in making this determination. Specifically, we agree with respondent that the case is governed by *People* v. *Saucedo* (1995) 33 Cal.App.4th 1230 [40 Cal.Rptr.2d 153]. In that case, after thorough discussion, the court applied an abuse of discretion standard of review, cited a number of cases holding that there was reasonable diligence even when a witness search was begun shortly before or during trial, and held that the trial court did not abuse its discretion in finding reasonable diligence had

been used to procure the attendance of a witness.[1] (33 Cal.App.4th at pp. 1234-1239.) In that case, as in this one, the defendant's attack focuses more on the allegation that there was a long period of inactivity between the preliminary hearing and trial. We agree with the *Saucedo* court that any period of inactivity was not fatal to the due diligence claim, and that the evidence supported the trial court's finding that the witness was unavailable for trial.

## ALLEGED EXCLUSION OF IMPEACHING EVIDENCE

■ Defendant next argues that the trial court erred in refusing to admit at trial testimony as to why Mr. Mercado was unavailable as a witness. He also urges that Mr. Mercado's admission of former gang membership was "relevant to background and motivation of his refusal to testify." Defendant argues that the evidence should have been admitted pursuant to Evidence Code section 780, subdivision (j), which allows the attitude of the witness towards the giving of testimony to be considered in evaluating the credibility of the witness. The trial court excluded such evidence pursuant to Evidence Code section 352.

The trial court held that testimony as to the reasons for Mr. Mercado's unavailability would be speculative since no one had spoken to him, that any reasons given would be inadmissible hearsay, and that the testimony should be excluded under Evidence Code section 352. While we agree with defendant that the evidence was relevant on the credibility issue (*People* v. *Moran* (1974) 39 Cal.App.3d 398 [114 Cal.Rptr. 413]), we find no abuse of the trial court's discretion under Evidence Code section 352.

Evidence Code section 352 allows the trial court to exclude otherwise relevant evidence "if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." The trial court found that questioning of the officers as to their efforts to locate Mr. Mercado would be of little probative value and would consume an undue amount of time.

We cannot say that the trial court erred in making this ruling. The efforts of the officers to locate Mr. Mercado would not shed light on his reasons for

---

[1]The question of whether the witness was unavailable within the meaning of Evidence Code section 1291 requires the proponent of the evidence to establish unavailability by competent evidence. The factual issues involved in that determination have been subjected to an abuse of discretion standard of review. However, our Supreme Court has noted that independent review might be appropriate in this situation. (*People* v. *Cummings* (1993) 4 Cal.4th 1233, 1296-1297 [18 Cal.Rptr.2d 796, 850 P.2d 1].)

Here, the trial court exercised its discretion under Evidence Code section 352, and an abuse of discretion standard of review is appropriate. However, even if we applied an independent review standard, our decision would not change under the facts here.

failing to testify. Similarly, evidence that Mr. Mercado used to be a gang member could only prejudice the jury without shedding any light on the credibility issue. Such evidence could only be inflammatory in this context.

Defendant relies on *People* v. *Mayfield* (1972) 23 Cal.App.3d 236 [100 Cal.Rptr. 104]. In that case, the court held that "[t]he right of a defendant to attack the credibility of her hearsay accuser is so fundamental that consumption of time is irrelevant where the evidence is not cumulative. The proffered evidence was admissible and it was vital to defendant's case because Martinez, the only percipient witness, had died and his hearsay testimony is the only evidence connecting her with the crimes. Thus, to deny defendant the right to adduce pertinent evidence that bears upon the credibility of a witness unseen by the jury and who had not been fully cross-examined at the preliminary hearing was to deny her due process of the law." (*Id.,* at p. 243.) Accordingly, in that case, the proposed evidence should have been admitted to attack the credibility of the unavailable witness.

We find no due process violation here. As discussed above, the witness was fully cross-examined at the preliminary hearing and testimony by the police officers that they had been unable to locate him for trial is not evidence that bears upon the credibility of the witness. Even if undue consumption of time was not a proper factor to use, the officer's testimony was clearly evidence on a collateral issue which was subject to discretionary exclusion by the trial court pursuant to Evidence Code section 352. (1 Witkin, Cal. Evidence (3d ed. 1986) Circumstantial Evidence, §§ 305-306, pp. 276-277.)

### THE PRETRIAL LINEUP*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### CALJIC No. 2.02*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### CALJIC No. 1.20*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### CALJIC No. 2.27*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 977.

CALJIC No. 2.12*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

McKinster, J., and Gaut, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 10, 1997.

---

*See footnote, *ante*, page 977.